[S.F. No. 25137. Jan. 28, 1988.]

In re PHILLIP JAMES EFFENBECK on Disbarment.

**COUNSEL**

Orrin Leigh Grover for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., Richard J. Zanassi and Marilyn Winch for Respondent.

---

OPINION

**THE COURT.**—Phillip James Effenbeck, admitted to practice in 1977, was convicted on an indictment charging him with making a false statement to a governmental agency (18 U.S.C. § 1001). The indictment charged that he "knowingly and willfully made a false, fictitious and fraudulent statement and representation as to material facts" to agents of the United States Customs Service. The federal court suspended imposition of a one-year sentence and placed him on probation for three years on the condition he serve thirty days in jail.

In 1983, we placed Effenback on interim suspension and ordered him to comply with rule 955, California Rules of Court. In 1984, after the judgment became final, we referred the matter to the State Bar for a hearing, report, and recommendation as to whether the circumstances surrounding the offense involved moral turpitude or other misconduct warranting discipline and, if so found, the discipline to be imposed. The order was subsequently augmented to include pertinent issues relating to Effenbeck's failure to comply with rule 955. The State Bar consolidated the conviction matter and rule 955 proceeding.

The State Bar's report has now been filed. The hearing panel concluded the facts and circumstances surrounding Effenbeck's violation did not involve "baseness, vileness, or depravity" and he "almost . . . violated" our order that he comply with rule 955. The panel recommended three years suspension. The Review Department, however, modified the findings of fact and deleted the hearing panel's conclusions of law. The Review Department concluded Effenbeck "lied to the agents," "was not candid" about the facts of his case at the State Bar hearing, and wilfully failed to file a rule 955 affidavit. Disbarment was the recommendation of the Review Department.

■ This court, after reviewing the entire record and considering all the facts and circumstances, has concluded that Effenbeck's conduct did involve moral turpitude, and that Effenbeck should be suspended from the practice of law for three years. Execution of the suspension is stayed, and he is placed on probation for three years under the following conditions:

1. He shall be actually suspended from the practice of law in the State of California for the first year of the period of probation;

2. He shall comply with the provisions of the State Bar Act and the Rules of Professional Conduct of the State Bar of California; and

3. He shall report in writing to the Office of the Clerk, State Bar Court, San Francisco on a quarterly basis, certifying by affidavit or under penalty of perjury that he has complied with paragraph 2 of this order during the period covered by the report.

It is further ordered that during the period of his actual suspension from the practice of law, he take and pass the Professional Responsibility Examination given by the National Conference of Bar Examiners. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8. [126 Cal.Rptr. 793, 544 P.2d 929].)

He is ordered to comply with rule 955 of the California Rules of Court and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of this order.

This order is effective 30 days after the filing of this opinion.